**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CLARITA B. BARCARSE, individually and as Trustee of the I.R. and C.B. Barcarse Revocable Trust dated 8/4/1987; ISAIAS R. BARCARSE, individually and as Trustee of the I.R. and C.B. Barcarse Revocable Trust dated 8/4/1987,**<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>**CENTRAL MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY, erroneously sued as Deutsche Bank National Trust Company, Trustee for the Certificateholders of DSLA Mortgage Loan Trust 2005-AR3, Mortgage Pass-Through Certificates Series 2005-AR3; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES,**<br><br>Defendants - Appellees. | No.  14-55285<br><br>D.C. No.<br>2:13-cv-04386-JAK-FFM<br><br>**MEMORANDUM**<sup>*</sup> |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

Before: **REINHARDT**, **KOZINSKI** and **WARDLAW**, Circuit Judges.

1.      Under <u>Yvanova</u> v. <u>New Century Mortgage Corp.</u>, 365 P.3d 845, 851–60 (Cal. 2016), third parties may bring a wrongful foreclosure suit only if they allege errors rendering an aspect of the assignment of their debt void, not just voidable.  Here, the defects raised by the Barcarses would, at most, make the transfer of their debt voidable.  The Barcarses alleged that defendants violated a Pooling Services Agreement (PSA) when transferring their note and deed to a trust, resulting in any later transfers also being invalidated.  Under New York law, to which the Barcarses claimed the PSA was subject, these alleged violations of the trust agreement would make the transfers voidable, not void.  See <u>Rajamin</u> v. <u>Deutsche Bank Nat'l Trust Co.</u>, 757 F.3d 79, 87–90 (2d Cir. 2014); <u>Saterbak</u> v. <u>JPMorgan Chase Bank, N.A.</u>, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016).  The Barcarses also claimed that the transfer of their debt from Downey Savings and Loan Association (DSLA) to defendant Mortgage Electronic Registration Systems (MERS) was in error because the assignment was allegedly "robo-signed" by an

individual who was not an employee of DSLA. But this "robo-signature" wouldn't render the transfer of their debt void because a signature by an unauthorized party on a negotiable instrument is subject to ratification. Cal. Com. Code § 3403(a). Because the Barcarses lack standing under state law to challenge the defendants' ability to foreclose, we conclude that the district court did not err in dismissing the related declaratory relief, quiet title and fraudulent business practices causes of action, all of which challenged the foreclosure proceeding.

2.    The Barcarses claimed that defendant Old Republic isn't a trustee because there was no valid substitution. But, as discussed above, the alleged defects in the previous note transfers were merely voidable; thus, the substitution was valid. As a validly substituted trustee, Old Republic's only responsibility was to foreclose on the deed upon default or to reconvey the deed upon payment. See Heritage Oaks Partners v. First Am. Title Ins. Co., 66 Cal. Rptr. 3d 510, 514 (Ct. App. 2007). The Barcarses didn't allege Old Republic failed in either of its duties. They only alleged that Old Republic knew of purportedly fraudulent conduct by the other defendants. But no factual allegations supported this claim. Therefore, the district court properly dismissed all claims against Old Republic.

**3.** The Barcarses alleged that defendants CMC and Deutsche Bank were negligent because they breached their duties by not following California law and by engaging in fraudulent conduct. A lender owes no duty of care to a borrower when the lender's involvement in the transaction doesn't exceed the scope of the traditional lender's responsibility. See Nymark v. Heart Fed. Savs. & Loan Ass'n, 283 Cal. Rptr. 53, 56–57 (Ct. App. 1991). Here, the Barcarses made only conclusory allegations that CMC and Deutsche Bank exceeded the scope of the traditional lender's responsibility.

Further, the Barcarses didn't plead facts showing that any of the alleged negligent conduct was the proximate cause of their pending foreclosure. The Barcarses claimed costs of suit, attorney's fees and the loss of marketable title as injuries, but those injuries also weren't caused by any alleged negligent conduct by the defendants. Therefore, the district court properly dismissed the Barcarses' negligence claim.

**4.** Restitution is appropriate "when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." McBride v. Boughton, 20 Cal. Rptr. 3d 115, 121 (Ct. App. 2004). Restitution is also available for quasi-contract causes of action if there isn't an express contract,

the plaintiff chooses not to sue in tort and the defendant obtains a benefit by "fraud, duress, conversion, or similar conduct." Id. at 121–22.

The Barcarses alleged that CMC and Deutsche Bank were unjustly enriched by collecting payments from the Barcarses without having any valid interest in the note, thus putting the Barcarses at risk of "competing claims" for their mortgage payments. But the Barcarses didn't allege any facts showing that the defendants' interests in the note were void, or that there were any competing claims to the Barcarses' payments. Without such facts, the Barcarses didn't allege a viable theory that the defendants were unjustly enriched by the Barcarses' payments. Therefore, the district court properly dismissed the Barcarses' quasi-contract cause of action.

**AFFIRMED.**