**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD AND HELEN TJADEN,
HUSBAND AND WIFE;
INDIVIDUALLY AND AS TRUSTEES
FOR THE RICHARD AND HELEN
TJADEN FAMILY TRUST,

        Plaintiffs-Appellants,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, INDIVIDUALLY AND
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF OPTEUM MORTGAGE
ACCEPTANCE CORPORATION,
ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-4 TRUST
FUND; EVERBANK FINANCIAL
CORP. DBA EVERBANK; MTC
FINANCIAL INC. DBA TRUSTEE
CORPS, DOES, 1THROUGH 400,
INCLUSIVE

        Defendants-Appellees.

No.   15-55718

D.C. No.
3:13-cv-03173-JM-DHB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jeffrey Miller, District Judge, Presiding

Argued and Submitted February 15, 2017
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and KORMAN,** District Judge.

Richard and Helen Tjaden (the "Tjadens") appeal from the dismissal of their second amended complaint, which challenges a pending nonjudicial foreclosure on their home based on alleged defects in the chain of title. The complaint was filed in the aftermath of a successful motion to lift a stay on the pending foreclosure, which had been imposed after the Tjadens sought the protection of a bankruptcy proceeding. The bankruptcy court lifted the stay because "[u]nder California's statutory framework, [HSBC] has the right to enforce the deed of trust against the subject property." Order Granting Relief from the Automatic Stay at 2, *In re Helen Tjaden*, No. 3:13-bk-02242 (Bankr. S.D. Cal. June 13, 2013), ECF No. 48.

The Tjadens correctly observe that, "[b]ecause the methods by which the mortgage loan at the heart of this lawsuit was securitized and transferred are complicated, the case can appear to be complicated as well." Nevertheless, it presents a simple issue because the Tjadens "don't say that the debt isn't real, nor do they say that they will never have to pay it if the entity that owns the debt is

---

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

found and wishes to press the claim." Instead, they argue that they have the right to bring a pre-foreclosure action to challenge the standing of the foreclosing entity to bring a nonjudicial foreclosure proceeding. The principal basis of their challenge, as alleged in the complaint, is that their loan note was scanned into an electronic database instead of being "conveyed or otherwise transferred into [a New York securitization] trust by conveyance to the trust custodian" in compliance with the trust's pooling and servicing agreement, and that the original note was "destroyed or stored offsite."

In support of the motion to lift the stay in the bankruptcy proceeding, a declaration was submitted stating that "[HSBC's] records reflect that [it] is in possession of the original Note" and "[a] true and correct copy of the original note is attached hereto." Order Granting Relief from the Automatic Stay at 3, *In re Helen Tjaden*, No. 3:13-bk-02242 (Bankr. S.D. Cal. June 13, 2013), ECF No. 48. The validity of this note was not contested by the Tjadens, and we may take judicial notice of it. LOUISELL & MUELLER, FEDERAL EVIDENCE § 56, p. 405 (1977). Passing over the fact that the loan note had not been destroyed and that it was in the custody of HSBC, the trustee of the New York securitization trust to which the note had been assigned and the entity that was going to conduct the nonjudicial foreclosure sale, *see* Order Granting Relief from the Automatic Stay at

3

2–3, *In re Helen Tjaden*, No. 3:13-bk-02242 (Bankr. S.D. Cal. June 13, 2013), ECF No. 48, the Tjadens' argument fails under California law.

In *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795 (Ct. App. 2016), *reh'g denied* (Apr. 11, 2016), *review denied* (July 13, 2016), the borrower argued, as the Tjadens do here, that "[i]f the alleged Lender is not the true Lender, it has no right to order a foreclosure sale." *Id.* (internal quotation marks omitted). In rejecting this argument, *Saterbak* reasoned that "California courts do not allow such preemptive suits because they would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." *Id.* (internal quotation marks and citations omitted). More significantly, while a borrower may bring a post-foreclosure action for damages, *id.* at 795–96, a requirement that a foreclosing entity make a pre-foreclosure showing that it is authorized to initiate a foreclosure "would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." *Id.* at 795 (quoting *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 824 n.5 (Ct. App. 2011)). And in any event, the defects alleged here, which include the Tjadens' allegation that the assignment of the beneficial interest under their deed of trust was robo-signed, would not be

sufficient to satisfy even a post-foreclosure cause of action. *See Barcarse v. Cent. Mortg. Co.*, 661 F. App'x 905, 906–07 (9th Cir. Sept. 14, 2016) (unpublished).

Nor does the California Homeowner Bill of Rights permit the Tjadens to bring a pre-foreclosure action on the basis of alleged defects in the chain of title. Neither of the two sections on which they rely authorizes the relief they seek. Specifically, Cal. Civ. Code § 2924(a)(6) provides in relevant part that "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." The California Court of Appeal has held, however, that the California legislature "did not provide for injunctive relief for a violation of section 2924(a)(6)." *Lucioni v. Bank of Am., N.A.*, 207 Cal. Rptr. 3d 418, 422 (Ct. App. 2016), *review denied* (Nov. 30, 2016).

The other section upon which the Tjadens rely likewise fails to provide support for their position. Cal. Civ. Code § 2924.17 provides in relevant part that the mortgage servicer must submit a declaration of the kind described in § 2923.55(c), which "requires that the foreclosing entity file, with the notice of default, a declaration stating that it has contacted the borrower, tried with due

5

diligence to contact the borrower, or that no contact was required because the property owner did not meet the statutory definition of 'borrower.'" *Lucioni*, 207 Cal. Rptr. 3d at 425. Significantly, § 2924.17 "do[es] not create a burden on the foreclosing party to prove anything in court, other than that the declaration required by [§ 2923.55(c)] was filed, and that necessary steps were taken before filing it." *Id.* at 426.

In the present case, the Tjadens do not allege that a declaration of compliance with § 2923.55 was not filed. Indeed, as in *Lucioni*, the district court here "took judicial notice of the declaration that [§ 2923.55(c)] required to be filed with the . . . Notice of Default, as well as the deed and its assignments that defendants rely upon to substantiate [their] right to foreclose." *Id.*; Moreover, many of the documents associated with the deed of trust were either attached to the complaint or were properly and without objection considered as part of the defendants' motion to dismiss. *See Tjaden v. H.S.B.C. Bank USA Nat'l Ass'n*, No. 13-CV-3173 JM (DBH), 2014 WL 12577596, at *1 n.3 (S.D. Cal. Dec. 3, 2014). These include, among others, the deed of trust signed by the Tjadens, the adjustable rate rider amending the deed of trust, assignments of the deed of trust, substitutions of a trustee, notice of a trustee's sale, and the last notice of default and election to sell that was recorded on August 6, 2013.

6

We have considered and find to be without merit the remaining federal claims, which rest on the Tjadens' conclusory assertion that "the Defendants conducted a wrongful and fraudulent conspiracy involving an attempt to collect a debt they knew they did not have the right to collect," allegedly causing the Tjadens financial damages.  Moreover, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).

The decision of the district court is **AFFIRMED.**