Filed 9/7/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RENATO M. LUCIONI, | B265722 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC062911) |
| v. | |
| BANK OF AMERICA, N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Matz, Judge. Affirmed.

Stephen R. Golden & Associates, Stephen R. Golden, Elaine D. Etingoff, and Aminah Williams for Plaintiff and Appellant.

Bryan Cave LLP, Andrea Hicks, Monica Kohles, and Jennifer Steeve for Defendant and Respondent Bank of America, N.A.

Foley & Lardner LLP, Sonia Salinas for Defendant and Respondent Raymond James Bank, N.A.

## INTRODUCTION

A borrower on a home loan sued lending banks, seeking an injunction to prevent a foreclosure. The trial court sustained the lenders' demurrers and entered a judgment of dismissal. The primary question raised in this appeal is whether the 2013 Homeowner's Bill of Rights (HBOR) provides a cause of action for injunctive relief for a violation of its provision—Civil Code, section 2924, subdivision (a)(6) (section 2924(a)(6))[1]—that requires an entity initiating a foreclosure be legally entitled to do so.

We hold that the availability of injunctive relief under the HBOR is governed exclusively by its two provisions—sections 2924.12, subdivision (a)(1) and 2924.19, subdivision (a)(1) (sections 2924.12(a)(1) and 2924.19(a)(1))—in which the Legislature authorized the courts to interpose such relief into the nonjudicial foreclosure scheme. Neither provision authorizes a court to enjoin a violation of section 2924(a)(6). Thus, no injunctive relief is available for a violation of that section. We affirm for that reason, and because the borrower has failed to show a reasonable possibility of amending his complaint to plead any of the grounds for injunctive relief that the HBOR authorizes. We also affirm the trial court's order sustaining without leave to amend a demurrer to a separate breach of contract cause of action.

## FACTS AND PROCEDURE

In this appeal from a judgment dismissing a complaint after the granting of a demurrer without leave to amend, we "assume the truth of the complaint's properly pleaded or implied factual allegations." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)

According to the operative second amended complaint (complaint), in 2005 plaintiff and appellant Renato Lucioni (Lucioni) obtained a home loan by executing a note and a deed of trust in favor of a lender that is not a party to this litigation. The

---

[1]    All further statutory references are to the Civil Code unless otherwise indicated.

original lender's interest in the deed of trust was transferred to a securitized trust after the closing date of the trust. Thereafter, the deed of trust was assigned and transferred "throughout the years to numerous assignees" in a manner that allegedly rendered the assignments "void" because "there are numerous breaks and misrepresentations in the chain of title." A specific example of a problematic assignment is that on March 23, 2011, defendant and respondent Bank of America, N.A. (Bank of America) purportedly transferred its interest in Lucioni's loan to defendant and respondent Raymond James Bank, N.A. (RJB), yet the original lender's beneficiary recorded an assignment of the interest in the loan to Bank of America about four months later, in July 2011. Lucioni alleges that "no documents in the chain of title indicate that [RJB] acquired the beneficial interest or that any assignment or transfer of Plantiff[']s loan to [RJB] was made by any person or entity with authority to do so."

On April 9, 2014, RJB recorded and filed a "Substitution of Trustee" substituting Sage Point Lender Services, LLC (Sage Point) as the trustee under the deed of trust.[2] Simultaneous with that filing, Sage Point filed a Notice of Default on the loan.

The complaint alleges two causes of actions at issue in this appeal. In the complaint's cause of action entitled "Lack of Standing under Civil Code § 2924(a)(6)," Lucioni "alleges that Defendants . . . do not own the beneficial interest under the mortgage or deed of trust . . . ." Lucioni claims "it is impossible to determine who holds the beneficial interest of Plaintiff's loan. It is unknown whether the note was ever assigned or transferred by any party with authority, and if so, how many times the note was transferred or servicing of the loan was transferred." Based on the facts alleged in the section 2924(a)(6) cause of action, Lucioni sought to enjoin the nonjudicial foreclosure that, under California law, may follow the April 9, 2014, Notice of Default.

In a separate cause of action, Lucioni alleges that Bank of America breached a contract with him by failing to grant him a loan modification. In 2009, Bank of America filed a Notice of Default as to Lucioni's loan, and after a telephone conversation with

---

[2]    In California's nonjudicial foreclosure scheme, a foreclosure is initiated by a trustee rather than by the lender. (See § 2924, subd. (a)(1).)

3

Bank of America's representative, Lucioni entered into a trial payment program, under which Bank of America would offer Lucioni a permanent loan modification if he successfully made three required monthly payments. Lucioni successfully made those payments, causing Bank of America to rescind the default notice. Yet Lucioni never received a loan modification from Bank of America, which, instead, transferred its interest in Lucioni's loan to RJB.

RJB and Bank of America each demurred separately to the complaint. On May 29, 2015, the trial court sustained both defendants' demurrers without leave to amend. In its ruling, the trial court took judicial notice of a set of documents offered by Bank of America that included Lucioni's deed of trust and the assignments and substitutions of trustees recorded as to it. The trial court entered a judgment dismissing the action.[3]

## DISCUSSION

The HBOR was effective January 1, 2013, and, as enacted, sunsets on January 1, 2018. Passed in 2012, while California was "still reeling from the economic impacts of a wave of residential property foreclosures that began in 2007," the legislation sought to "modify[] the foreclosure process to ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options." (Stats. 2012, ch. 87, § 1(b)). Much of the HBOR contains procedures to help borrowers obtain alternatives to foreclosure, which also are designed "to ensure that the current crisis is not worsened by unnecessarily adding foreclosed properties to the market when an alternative to foreclosure may be available." (*Ibid.*)

In the HBOR, the Legislature enacted two statutory provisions—sections 2924.12(a)(1) and 2924.19(a)(1)—that allow a borrower to enjoin a foreclosure where a

---

[3] The complaint alleges three causes of action not at issue in this appeal. Those causes of action were for violation of Business and Professions Code section 17200, intentional misrepresentation, and quiet title. The trial court entered judgment for defendants on those causes of action after sustaining demurrers without leave to amend.

4

lender violates other specified HBOR sections. As explained below, we hold that those two provisions provide the exclusive means for a borrower to obtain injunctive relief under the HBOR. To enjoin a foreclosure under the HBOR, the borrower must state a cause of action for a material violation of one of the nine statutory sections that are specified in those two provisions. Because Lucioni's complaint alleges a violation of HBOR's section 2924(a)(6), which is not one of those listed sections, the complaint does not state a cause of action for injunctive relief under the HBOR. We further conclude that Lucioni does not show a reasonable possibility that he can successfully amend the complaint to seek injunctive relief, as the sections listed in sections 2924.12(a)(1) and 2924.19(a)(1) do not, as he claims, place a burden on the foreclosing entity to demonstrate in court, prior to foreclosing, that it has a right to foreclose. Finally, we conclude that the trial court correctly entered judgment for Bank of America on the breach of contract cause of action.

**The Cause of Action for Injunctive Relief**

Lucioni entitled his primary cause of action "Lack of Standing under Civil Code § 2924(a)(6)." The gravamen of the claim is that defendants, as the foreclosing lenders, lacked the authority to foreclose on the property because they were not properly assigned an interest in the deed of trust. Section 2924(a)(6), enacted in the HBOR, provides that only the holder of the beneficial interest under a mortgage or deed of trust may foreclose: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

5

In the HBOR, the Legislature authorized a private right of action to enjoin a nonjudicial trustee's sale where a lender violates any one of nine statutory provisions. Under section 2924.12(a)(1), a homeowner may bring an action for injunctive relief due to a material violation of sections 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17. Under section 2924.19(a)(1), a homeowner also may bring an action for injunctive relief for a material violation of sections 2923.5 or 2924.18.

Most of these provisions place duties upon a lender before it may record a notice of default.[4] Based on this legislative focus on establishing requirements for filing a notice of default, we conclude that the provisions of the HBOR that authorize actions to enjoin nonjudicial foreclosures govern where a notice of default was recorded after the HBOR's effective date. (See *Rockridge Trust v. Wells Fargo, N.A.* (N.D.Cal. 2013) 985 F.Supp.2d 1110, 1153 [dismissing HBOR claims because the statute was not retroactive, where notice of default and notice of trustee's sale were executed before January 1, 2013].) In this case, the Notice of Default was recorded on April 9, 2014, after the January 1, 2013, effective date of the HBOR. The HBOR's injunctive relief provisions therefore govern here.

The Legislature, however, did not provide for injunctive relief for a violation of section 2924(a)(6), the provision that the complaint relies upon in seeking injunctive relief. That is, section 2924(a)(6) is not one of the nine sections identified in sections 2924.12(a)(1) and 2924.19(a)(1). In our view, under the text of the HBOR, a foreclosure may be enjoined due to a material violation of the statutory provisions that the Legislature has chosen to list, but not due to a violation of unlisted provisions. "Generally, the expression of some things in a statute implies the exclusion of others not

---

[4] See section 2923.5, subdivision (a)(1); section 2923.55, subdivision (a); section 2923.6, subdivision (c); section 2924.11, subdivision (c); section 2924.17, subdivision (b); and section 2914.18, subdivision (a); see also section 2924.9, subdivision (a) [lender must act within five business days after filing a notice of default]. Additionally, section 2924.10 imposes requirements on mortgage servicers when a borrower submits a complete application for a first lien loan modification, and section 2924.18, subdivision (a)(1) prohibits the servicer from recording a notice of default while such an application is pending.

expressed." (*In re Bryce C.* (1995) 12 Cal.4th 226, 231; *Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 [same]; see *Jauregui v. City of Palmdale* (2014) 226 Cal.App.4th 781, 806 [later enacted and more specific injunctive relief provision governs instead of Code of Civil Procedure section generally authorizing injunctive relief].) As the Legislature chose to provide for injunctive relief for some HBOR violations, but not for a violation of section 2924(a)(6), we do not find such relief impliedly available. Under the HBOR, then, a plaintiff may not seek to enjoin a foreclosure based on a claim that the foreclosing party lacked the necessary authority to foreclose.

The HBOR's legislative history is in accord with our conclusion, indicating that the Legislature deliberately chose to authorize injunctive relief only for particular violations it identified. In Conference Committee Reports adopted by the Assembly and the Senate when they passed the HBOR, a "summary of enforcement provisions" stated that the statute contained a "narrow and targeted enforcement mechanism" that was adopted "[i]n response to concerns expressed." (Sen. Rules Com., Off. of Sen. Floor Analyses, Conf. Com. Rep. on Assem. Bill No. 278 (2011-2012 Reg. Sess.), adopted by Assembly on July 2, 2012, pp. 28-29; Sen. Rules Com., Off. of Sen. Floor Analyses, Conf. Com. Rep. on Sen. Bill No. 900 (2011-2012 Reg. Sess.), adopted by Senate on July 2, 2012, pp. 28-29.)[5] According to the reports, the HBOR's enforcement provisions were drafted to avoid "frivolous claims" and "effects to merely delay legitimate foreclosure proceedings." (*Ibid.*) To this end, the reports stated that while monetary

---

[5]     The cited portion of both reports stated: "In response to concerns expressed, the Conference Committee amendments would provide for a narrow and targeted enforcement mechanism. Because the amendments provide for individual protections, the bill necessarily allows individual enforcement. However, to protect against any potential frivolous claims or efforts to merely delay legitimate foreclosure proceedings, the amendments would provide for enforceability only for certain key provisions related to the prohibitions against dual tracking, SPOC, and false or incomplete documents. Moreover, no legal action whatsoever could be brought unless the violation is material.

"Importantly, no action for money damages would be allowed until the date the trustee's deed is recorded after a foreclosure sale. At all times until then, the only legal remedy a homeowner may seek is an action to enjoin a substantial violation of the specified sections, along with any trustee's sale."

damages are available postforeclosure, prior to a foreclosure the "only" remedy that a borrower may seek is an action to enjoin a violation "of the specified sections, along with any trustee's sale." (*Ibid.*) These reports therefore indicate that the Legislature intended to preclude borrowers from seeking to enjoin a foreclosure for reasons other than those expressly authorized.

We note that the recent opinion in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*) does not control this case. In *Yvanova*, our Supreme Court recognized a cause of action for wrongful foreclosure based on an allegation that an assignment to the foreclosing bank was void. *Yvanova* held that "a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." (*Id.* at p. 924.) The court rejected the argument that a plaintiff must show prejudice to plead wrongful foreclosure because that view would mean that "*anyone*, even a stranger to the debt, could declare a default and order a trustee's sale–and the borrower would be left with no recourse because, after all, he or she owed the debt to *someone* . . . ." (*Id.* at p. 938.) Thus, after a foreclosure, a borrower potentially may "base an action for wrongful foreclosure on allegations a purported assignment of the note and deed of trust to the foreclosing party bore defects rendering the assignment void." (*Id.* at p. 923.)

*Yvanova*, *supra*, 62 Cal.4th 919, thus is in accord with the policy embodied in section 2924(a)(6) in authorizing an action for damages *after* a foreclosure. Where the foreclosing party had no valid interest in the property, a borrower has postforeclosure recourse even if the borrower is in default to some other party. *Yvanova*, however, does not resolve this case for at least two reasons. First, this is not a wrongful foreclosure case, but rather an action brought preemptively to enjoin a foreclosure. *Yvanova* expressly did not address this situation. (*Yvanova*, *supra*, 62 Cal.4th at p. 934 ["We do not address the distinct question of whether, or under what circumstances, a borrower may bring an action for injunctive or declaratory relief to prevent a foreclosure sale from going forward"].) Second, *Yvanova* considered a foreclosure that occurred before the

HBOR became effective and expressly did not address the effect of that legislation. (*Id.* at pp. 941-942.) The Court of Appeal's post-*Yvanova* opinions have addressed the availability of injunctive relief only prior to the HBOR. (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279, fn. 2; *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 818.)

In the HBOR, the Legislature addressed when courts may intercede in the nonjudicial foreclosure scheme. The Legislature itself created the nonjudicial foreclosure process, which uses a trustee not beholden to either the lender or borrower "to provide the lender-beneficiary with an inexpensive and efficient remedy against a defaulting borrower, while protecting the borrower from wrongful loss of the property. . . ." (*Yvanova*, *supra*, 62 Cal.4th at p. 926.) Where the HBOR applies, actions that disrupt that expeditious process by threatening to enjoin the sale should be limited to the particular violations for which the Legislature has authorized such preforeclosure lawsuits. When a lender without a valid interest in a property initiates a foreclosure, a borrower has a postforeclosure cause of action for damages under *Yvanova*, and the decision on whether to allow preforeclosure relief is essentially a policy one, pitting the interest in allowing borrowers injunctive protection against the delays that may occur in nonjudicial foreclosures due to litigation, even where the lenders are ultimately vindicated. By not authorizing injunctive relief for violations of section 2924(a)(6) in the HBOR, as it did for the nine other provisions for which relief is permitted, the Legislature appears to have made that choice. Consequently, the trial court properly sustained the demurrer to Lucioni's cause of action for a violation of section 2924(a)(6).

As to Bank of America only, the demurrer to the section 2924(a)(6) cause of action was properly sustained without leave to amend for a separate reason. Bank of America argues that it cannot have violated section 2924(a)(6) because that provision expressly applies only to entities that "record or cause a notice of default to be recorded or otherwise initiate the foreclosure process." On the facts alleged in the complaint, this argument has merit, as RJB, not Bank of America, caused the 2014 notice of default to be

recorded. For this independent reason, we alternatively affirm the ruling as to Bank of America on the claim for injunctive relief.

**Amending the Cause of Action for Injunctive Relief**

We must consider whether the trial court properly sustained RJB's demurrer without leave to amend. To determine whether the trial court should have granted Lucioni leave to amend, "we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects. (*Schifando*[, *supra*,] 31 Cal.4th [at p.] 1081.)" (*Yvanova*, *supra*, 62 Cal.4th at p. 924, fn. omitted.)

The specific question here is whether there is a reasonable possibility of amending the complaint to state a cause of action for injunctive relief authorized by the HBOR. In his opening brief on appeal, Lucioni suggests that he can amend his complaint under section 2923.17, which he claims makes it "the foreclosing entity's duty to show it has the right to foreclose." He points out that section 2924.12(a)(1) authorizes injunctive relief for a violation of that section. We conclude that section 2924.17 does not impose a preforeclosure duty on foreclosing entities to demonstrate that they have a right to foreclose.

Section 2924.17 creates a procedural right directed at the requirements for a *declaration* that a different HBOR provision (section 2923.55) requires a mortgage servicer to file at the time of the notice of default. Subdivision (a) of section 2924.17 states that the declaration must be "accurate and complete and supported by competent and reliable evidence."[6] The purpose of the declaration, as explained by section 2923.55,

---

[6] Section 2923.17, subdivision (a) states in full: "A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence."

10

is to ensure that particular information is provided to the borrower before the notice of default is filed. Subdivisions (a) and (b) of section 2923.55 provide that the foreclosing entity may not record a notice of default unless it first sends the borrower specified information, including, among other things, a statement that the borrower may request "[a] copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose."[7] Section 2923.55, subdivision (c) requires that the foreclosing entity file, with the notice of default, a declaration stating that it has contacted the borrower, tried with due diligence to contact the borrower, or that no contact was required because the property owner did not meet the statutory definition of "borrower." This is the declaration referenced in section 2924.17. The statute does not require the declaration to contain a statement about the right to foreclose. The declaration concerns only the lender's efforts to contact the borrower to provide the required information.

---

[7]     The portions of section 2923.55 relevant here are as follows:

"(a) A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default pursuant to Section 2924 until all of the following:

"(1) The mortgage servicer has satisfied the requirements of paragraph (1) of subdivision (b).

"[¶] . . . [¶]

"(b) (1) As specified in subdivision (a), a mortgage servicer shall send the following information in writing to the borrower:

"[¶]

"(B) A statement that the borrower may request the following:

"(i) A copy of the borrower's promissory note or other evidence of indebtedness.

"(ii) A copy of the borrower's deed of trust or mortgage.

"(iii) A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose.

"(iv) A copy of the borrower's payment history since the borrower was last less than 60 days past due.

"[¶]

"(c) A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower' pursuant to subdivision (c) of Section 2920.5."

11

Another subdivision of section 2924.17 contains an important additional requirement for the declarant. Subdivision (b) of section 2924.17 states that before filing the declaration, a mortgage servicer "shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." The statute, however, does not require a statement in the declaration about the default and the right to foreclose. Subdivision (b) of section 2924.17 is directed at ensuring the foreclosing entity's "review[]" of its right to foreclose.

Sections 2924.17 and 2923.55, then, place a burden on the foreclosing party to file a declaration with the notice of default, and provide requirements for the lender's diligence prior to filing that declaration. Those provisions do not create a burden on the foreclosing party to prove anything in court, other than that the declaration required by section 2923.55, subdivision (c) was filed, and that necessary steps were taken before filing it. Lucioni does not argue that defendants failed in these duties. Here, in fact, at defendants' request, the trial court took judicial notice of the declaration that section 2923.55, subdivision (c) required to be filed with the April 9, 2014, Notice of Default, as well as the deed and its assignments that defendants rely upon to substantiate RJB's right to foreclose. The filing of the declaration and review of the assignments do not immunize RJB from a postforeclosure lawsuit, but, under the present statutory scheme, they preclude injunctive relief for a violation of the requirements of sections 2924.17 and 2923.55. Sections 2924.17 and 2923.55 do not create a right to litigate, preforeclosure, whether the foreclosing party's conclusion that it had the right to foreclose was *correct*. If the Legislature wished to authorize as much, it could have authorized injunctive relief for a violation of 2924(a)(6), but it did not.

We note that although we concluded in the prior discussion section that the HBOR does not provide for injunctive relief for claimed violations of section 2924(a)(6)—that is, it does not provide for the ability of a borrower to directly litigate preforeclosure a claim that the foreclosing party lacked a beneficial interest in the deed of trust—sections 2924.17 and 2923.55 do serve that provision's purpose in at least two ways. First, the

12

requirement that the foreclosing party must ensure that reliable evidence substantiates its right to foreclose may prompt some lenders to determine in particular cases that they lack the right to foreclose. To this end, a lender faces the possibility that its intentional failure to comply with its preforeclosure statutory duty to ensure that reliable evidence supports its right to foreclose could subject it later to punitive damages in an appropriate case. (*Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 409 [on proper showing, punitive damages available for wrongful foreclosure].) Second, the HBOR provisions provide a borrower with a means of receiving, preforeclosure, all the documents the lender believes are "required to demonstrate the right of the mortgage servicer to foreclose." (§ 2923.55, subd. (b)(1)(B)(iii).) This disclosure enables a borrower to expeditiously prepare for and litigate a lawsuit for wrongful foreclosure, quiet title, or cancellation of deed. (*Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 561-568 [action properly pleaded for these postforeclosure causes of action].) For these reasons, Lucioni has not demonstrated a reasonable possibility that he can successfully amend the complaint to allege injunctive relief on a basis authorized by the HBOR.

**The Breach of Contract Cause of Action**

Lucioni also alleged a cause of action for breach of contract against Bank of America only. Lucioni claimed that in October 2009 he entered by telephone into an oral contract for a "trial payment program" with Bank of America that would lead to a permanent loan modification if he successfully made three monthly payments, yet, even after he made those payments in October through December 2009, Bank of America failed to provide a loan modification. The cause of action accrued on the date that Bank of America allegedly breached the contract, which, according to the complaint's allegations, was no later than March 23, 2011, the date on which Bank of America

13

transferred Lucioni's loan to RJB.[8] The trial court sustained Bank of America's demurrer without leave to amend because the cause of action was "barred by the applicable statute of limitations," where the original complaint was filed on August 13, 2014, over three years after the breach.

The statute of limitations on a claim for a breach of an oral contract is two years (Code Civ. Proc., § 339) and Lucioni does not argue that the lawsuit was timely filed under that provision. Instead, Lucioni argues that the four-year statute of limitations for written contracts (Code Civ. Proc., § 337) applies because he has check receipts that demonstrate that he performed on the oral contract. His claim is that the written evidence of performance converts the oral contract into a written one.

To support this argument, Lucioni relies on *Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528 (*Amen*), in which the buyers and sellers of a tavern executed a written sales contract. Our Supreme Court held that the buyers' lawsuit against the defendant escrow company for violating the written escrow instructions was "on a written contract" for purposes of the statute of limitations, even though the company orally agreed to perform the escrow instructions. (*Id.* at p. 533.) Central to the Supreme Court's reasoning was that the longer limitations period for actions on written contracts was warranted where a writing provided "evidence in permanent form of the terms of the agreement." (*Id.* at pp. 532-533.) Here, in contrast, there was never a written agreement providing evidence in permanent form of the contract terms Lucioni alleges, including a promise by Bank of America to offer a permanent loan modification if Lucioni made three monthly trial payments. *Amen* supports the proposition that in some cases a written contract may be accepted orally, but not the proposition that an oral contract is treated as a written contract for statute of limitations purposes simply because a party offers some written evidence of performance. The terms (or even existence) of the contract may be in

---

[8] Lucioni argues that the time of the transfer was when he discovered or should have discovered the cause of action. Again, even accepting that argument, according to the complaint's allegations, March 23, 2011, is the latest date that the cause of action could have accrued.

14

dispute here, where they could not have been in *Amen*.  The cause of action is barred by the two-year statute of limitations applicable to an alleged breach of an oral contract, and such a defect cannot be cured by amendment.  The trial court did not err in sustaining without leave to amend the demurrer to the breach of contract cause of action.


**DISPOSITION**

The judgment is affirmed.  The parties are to bear their own costs on appeal.

CERTIFIED FOR PUBLICATION.


RAPHAEL, J.<sup>*</sup>

We concur:



TURNER, P.J.



KRIEGLER, J.

---

<sup>*</sup>     Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.