NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA M. SCHOENBART, | No. 16-16871 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00070-WHA |
| v. | |
| U.S. BANK, as Trustee for LSF9 Master Participation Trust; QUALITY LOAN SERVICE CORPORATION; CALIBER HOME LOANS, INC.; DOES, 1-20, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 8, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, and LUCERO*** and OWENS, Circuit Judges.

Plaintiff Theresa M. Schoenbart appeals from the district court's dismissal of

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

her first amended complaint under Fed. R. Civ. P. 12(b)(6) and the court's subsequent denial of her motion to amend that complaint. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Schoenbart lacks standing under California law to bring this preemptive action to block a nonjudicial foreclosure. *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-98 (Ct. App. 2016). The language of the deed of trust does not confer such standing. *Id.* at 796-98. Nor do California Civil Code sections 2924(a)(6) and 2924f, the California Homeowner Bill of Rights provisions under which Schoenbart sues. *Lucioni v. Bank of Am., N.A.*, 207 Cal. Rptr. 3d 418, 421-24 (Ct. App. 2016); *see also* Cal. Civ. Code §§ 2924.12(a)(1), .19(a)(1).

2. The district court did not abuse its discretion in denying Schoenbart's motion to amend her first amended complaint. Schoenbart's proposed second amended complaint contained only one new factual allegation: that "[Washington Mutual] through December 31, 2007, securitized and sold [$]82,000,000,000.00 (82 billion dollars) of loans, which included Plaintiff's loan." But this new allegation does not cure her lack of standing under California law, and given California's blanket ban on preforeclosure suits like Schoenbart's, *see Saterbak*, 199 Cal. Rptr. 3d at 795, further amendment in this regard would be futile. Denial of Schoenbart's motion to amend was therefore permissible. *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

3.  We need not resolve Schoenbart's argument regarding tender.  The district court denied Schoenbart's motion not because of Schoenbart's failure to tender but because her proposed second amended complaint failed to state a plausible claim for relief.  Because we affirm the dismissal of Schoenbart's complaint on other grounds, this issue is moot.  *See, e.g.*, *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1114 n.2 (9th Cir. 2017).

**AFFIRMED.**