**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA RAE, | No. 17-55283 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-08932-PA-SS |
| v. | |
| BANK OF AMERICA, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 6, 2018[**]
Pasadena, California

Before: WARDLAW and CHRISTEN, Circuit Judges, and MOLLOY,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Pamela Rae ("Rae") appeals the district court's order granting judgment on the pleadings in favor of Bank of America, N.A., Ocwen Loan Servicing, LLC, MTC Financial, Inc., and Does 1 through 20. *See* Fed. R. Civ. P. 12(c). We have jurisdiction under 28 U.S.C. § 1291, and review the district court's order de novo. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

1. Rae's tort law claims are time-barred pursuant to California's two-year statute of limitations for negligence and intentional infliction of emotional distress, and three-year limitations period for intentional misrepresentation. *See* Cal. Civ. Proc. Code §§ 335.1, 338(d). Rae's claims began accruing on August 22, 2012, when Bank of America recorded a notice of default on her property. *See Vaca v. Wachovia Mortg. Corp.*, 129 Cal. Rptr. 3d 354, 360 (Ct. App. 2011) (providing that the clock "starts running when the plaintiff first learns of actionable injury"). Rae became aware of the claim at the latest on January 23, 2013, when filed a state court action against Bank of America alleging tort claims arising from the recording of the notice of default. Rae did not file a complaint in the instant action until June 2, 2016, over three years later.

2. Rae alleges that Bank of America's notice of default and notice of trustee's sale violate California Civil Code § 2924.17. But Rae fails to state a plausible claim for relief. Bank of America's notice of default is not subject to

§ 2924.17. The notice was recorded the year before the Homeowner's Bill of Rights took effect, and it does not apply retroactively. *See Lucioni v. Bank of Am., N.A.*, 207 Cal. Rptr. 3d 418, 422 (Ct. App. 2016). Bank of America's notice of trustee's sale expired by operation of law one year after it was recorded on March 18, 2015. *See* Cal. Civ. Code § 2924g(c)(1)–(2). No foreclosure sale took place within that year, and there is no pending foreclosure sale on Rae's property. Thus, any prospect of relief from alleged deficiencies in the notice of trustee's sale is moot. *See* Cal. Civ. Code § 2924.12(a).

3. Absent a viable state law claim, Bank of America is not derivatively liable under California Business and Professions Code § 17200. *See Aleksick v. 7-Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Ct. App. 2012).

4. The district court did not abuse its discretion when it denied Rae's request for leave to amend her complaint, since leave to amend would be futile. *See AE ex. rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

**AFFIRMED.**