Filed 9/11/20  Grant v. Clear Recon Corp. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GAVIN GRANT, | |
| Plaintiff and Appellant, | G057851 |
| v. | (Super. Ct. No. 30-2017-00898495) |
| CLEAR RECON CORP., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Gavin Grant, in pro. per., for Plaintiff and Appellant.

Aldridge Pite, Fred T. Winters for Defendant and Respondent.

\*        \*        \*

Plaintiff Gavin Grant filed this action against defendants Bank of America, N.A. (Bank of America) and Clear Recon Corporation (Clear Recon) after they initiated nonjudicial foreclosure proceedings on his residence. The court sustained Clear Recon's demurrer to Grant's second amended complaint without leave to amend and entered a judgment of dismissal as to Clear Recon.

On appeal, Grant contends the court erred by sustaining the demurrer because he pleaded sufficient facts to state causes of action against Clear Recon for violations of Civil Code sections 2923.55 and 2924.17,[1] cancellation of documents, breach of implied covenant of good faith and fair dealing, negligence, and a violation of Business and Professions Code section 17200. We disagree and further conclude the court did not abuse its discretion by denying Grant another opportunity to amend his complaint. We also reject Grant's arguments that the court lacked impartiality and violated his rights to due process and a jury trial by sustaining Clear Recon's demurrer and dismissing the case as to it. We affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

The factual allegations in Grant's second amended complaint mainly focus on the actions of Bank of America. As this appeal concerns the judgment of dismissal as to Clear Recon after the court sustained its demurrer, we focus on Grant's factual allegations relating to Clear Recon but briefly summarize the allegations concerning Bank of America for context.

In 2007, Grant refinanced his home mortgage and obtained a $998,000 loan from Bank of America, which was secured by a deed of trust. The deed of trust named Bank of America as the lender and beneficiary and PRLAP, Inc. as the trustee. The loan

[1]      All further statutory references are to the Civil Code unless otherwise stated.

provided for interest only payments for 10 years (from Dec. 2007 to Dec. 2017) and an adjustable interest rate after December 2012. Although these loan terms were set out in a document signed by Grant, he was unaware of them.

Grant made loan payments for a few years but did not understand how they were being applied and why his loan balance was not decreasing. He contacted Bank of America "to resolve discrepancies and cure the defects." Bank of America did not respond to his request for an accounting, ignored his dispute over the loan balance, and refused his requests to review the original promissory note and deed of trust.

In December 2015, a substitution of trustee was recorded, naming Clear Recon as the trustee. That same day, Clear Recon recorded a notice of default indicating Grant failed to make installment payments beginning in December 2009 and owed $390,560.60 in interest. Attached to the notice of default was a declaration signed by a Bank of America employee, stating the declarant had reviewed Bank of America's business records and those records reflected that the bank had "[c]ontacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure in accordance with California Civil Code § 2923.55(b)(2)." However, this declaration was false because Bank of America had not contacted Grant to assess his financial situation or explore his options to avoid foreclosure at that time. He also alleged the default amount was incorrectly stated in the notice of default because Bank of America had not properly applied his payments to the loan.

After receiving the notice of default, Grant applied for a loan modification with Bank of America. He was approved for a trial modification but did not accept it because Bank of American "used an exaggerated income . . . to determine his eligibility." Because of this, Grant was not adequately reviewed for other loan modifications or foreclosure alternatives.

Clear Recon recorded a notice of trustee's sale in March 2016.

3

In September 2016, Grant attempted to satisfy his loan obligation by giving Bank of America a "Bankers Promissory Note," in which he promised to pay Bank of America $1,500,000.00 in monthly installments of $10,000 until the obligation was fulfilled. The terms of the Bankers Promissory Note indicated that the holder's acceptance of the note and failure to return it within two banking days constituted acceptance as full settlement and discharge of debt. Bank of America did not return the note within the allotted time frame and never returned the original. Grant sent multiple letters to Bank of America stating that his loan was paid in full by their "acceptance" of the promissory note. But Bank of America refused to "set off" his account.

Defendants moved forward with the nonjudicial foreclosure process, and Clear Recon recorded another notice of trustee's sale in November 2016.

In January 2017, Grant filed his complaint in the instant matter, alleging causes of action against Clear Recon for violations of sections 2923.55 and 2924.17; cancellation of instruments; violation of Business and Professions Code section 17200; and wrongful foreclosure. These and additional causes of action were also alleged against Bank of America.

Clear Recon filed a declaration of nonmonetary status under section 2924l, representing it was named as a defendant solely in it its capacity as trustee under the deed of trust. Grant filed an opposition stating his belief that Clear Recon "participated in wrongful acts or omissions based on its capacity outside of its alleged substituted trustee duties which are not privileged according to Civil Code § 2924(d)."

In September 2017, Grant filed an action in federal court against Bank of America and Clear Recon for trespass, breach of contract, theft, and fraudulent claims. The federal court dismissed the action in October 2017 because it lacked subject matter jurisdiction.

4

In January 2018, Clear Recon filed an answer to the complaint and a motion for judgment on the pleadings.  The court granted Clear Recon's motion for judgment on the pleadings and gave Grant time to file an amended complaint.  Grant filed a first amended complaint in July 2018 and defendants filed separate demurrers to the amended complaint.[2]

In November 2018, Grant filed his second amended complaint, the operative complaint for purposes of this appeal.  In it, he asserted eight causes of action against Bank of America, six of which were also alleged against Clear Recon:  (1) violation of section 2923.55; (2) violation of section 2924.17; (3) cancellation of instruments; (4) breach of implied covenant of good faith and fair dealing; (5) negligence; and (8) unfair and unlawful practices (Bus. & Prof. Code, § 17200).

Clear Recon moved to strike the causes of action against it in the second amended complaint and demurred on the ground the complaint did not allege facts sufficient to state each cause of action.

On March 22, 2019, the court sustained Clear Recon's demurrer without leave to amend and denied the motion to strike as moot.  Judgment of dismissal in favor of Clear Recon was entered and Grant appealed.

DISCUSSION

We begin by discussing Grant's contention that the court erred by sustaining Clear Recon's demurrer as to all six causes of action asserted against it as resolution of this issue informs our consideration of his remaining claims.

---

[2]     The appellate record does not include the first amended complaint or the court's ruling on either demurrer.

THE DEMURRER WAS PROPERLY SUSTAINED

Grant contends that each of the six causes of action asserted against Clear Recon in the second amended complaint were adequately pleaded, and, therefore, the court erred in sustaining its demurrer. We disagree.

*Standard of Review*

We review a trial court's order sustaining a demurrer de novo and apply the abuse of discretion standard in reviewing the court's denial of leave to amend the complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Alexander v. Exxon Mobil* (2013) 219 Cal.App.4th 1236, 1250-1252.) "In conducting our de novo review, we 'must "give[ ] the complaint a reasonable interpretation, and treat[ ] the demurrer as admitting all material facts properly pleaded."'" (*WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 151.) "[W]e accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law." (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.) "The fact that we examine the complaint de novo does not mean that plaintiffs need only tender the complaint and hope we can discern a cause of action. It is plaintiffs' burden to show either that the demurrer was sustained erroneously or that the trial court's denial of leave to amend was an abuse of discretion." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) Where the court sustains a demurrer without leave to amend, we decide if "there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] . . . [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

*Trustees in Nonjudicial Foreclosures*

As we must analyze whether Grant properly pleaded causes of action against Clear Recon, a trustee in a nonjudicial foreclosure, we briefly discuss California's

6

nonjudicial foreclosure process and the role of the trustee in this process. "A nonjudicial foreclosure sale is a 'quick, inexpensive[,] and efficient remedy against a defaulting debtor/trustor.' [Citation.] To preserve this remedy for beneficiaries while protecting the rights of borrowers, 'sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' [Citation.] Under a deed of trust, the trustee holds title and has the authority to sell the property in the event of a default on the mortgage. [Citation.] To initiate a foreclosure, '[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents' must first record a notice of default." (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 280.)

"[T]he trustee under a deed of trust is an agent of the beneficiary only in a limited sense. Such a trustee 'has neither the powers nor the obligations of a strict trustee; rather, he serves as a kind of common agent for the trustor and the beneficiary. [Citations.] His agency is a passive one, for the limited purpose of conducting a sale in the event of the trustor's default or reconveying the property upon satisfaction of the debt. [Citations.]' [Citations.] '"The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist."'" (*Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 819.)

*Violation of Section 2923.55*

In his first cause of action, Grant alleged Clear Recon and Bank of America violated former section 2923.55.[3] Section 2923.55 was part of the Homeowners Bill of Rights (HBOR). "The HBOR was effective January 1, 2013, and . . . the legislation

---

[3] References to section 2923.55 throughout this opinion are to the version of the statute in effect at the time of the alleged statutory violation in 2015. Former section 2923.55 was repealed on January 1, 2018, pursuant to a sunset provision. (Stats. 2013, ch. 76, § 15; former § 2923.55, subd. (i).) The statute was recodified effective January 1, 2019, with minor alternations not relevant to the issue here. (Stats. 2018, ch. 404, § 6.)

7

sought to 'modify[ ] the foreclosure process to ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options.'" (*Lucioni v. Bank of America, N.A.* (2016) 3 Cal.App.5th 150, 157 (*Lucioni*).) Most of the statutory provisions in the HBOR place duties upon a lender before a lender can cause a notice of default to be filed. (*Id.* at p. 158 & fn. 4.)

Section 2923.55, subdivision (a)(1) prohibited "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" from recording a notice of default under section 2924 until 30 days after the mortgage servicer had satisfied the requirements of subdivision (b) of section 2923.55. A mortgage servicer was required under subdivision (b)(2) to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." During this initial contact, the mortgage servicer was to "advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days." (*Ibid.*) Either during the initial or subsequent contact, the mortgage servicer must give the borrower the United States Department of Housing and Urban Development's toll-free telephone number for finding a certified housing counseling agency. (*Ibid.*) The statute further required a notice of default recorded under section 2924 to "include a declaration that the mortgage servicer has contacted the borrower, [or] has tried with due diligence to contact the borrower as required by this section . . . ." (§ 2923.55, subd. (c).)

If there is "a material violation of section 2923.55," a homeowner can bring an action for injunctive relief prior to a foreclosure sale (§ 2924.12, subd. (a)(1); *Lucioni*, 3 Cal.App.5th at p. 158), and the sale is enjoined until the violation has been "corrected and remedied." (§ 2924.12, subd. (a)(2).) After a foreclosure sale, a borrower may recover "for actual economic damages pursuant to Section 3281, resulting from a

8

material violation of Section 2923.55" if "the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale." (§ 2924.12, subd. (b).)

In his second amended complaint, Grant alleged Clear Recon and Bank of America violated section 2923.55 by failing to contact him "to assess [his] financial situation and explore options to avoid foreclosure; to advise [him] of his right to request a meeting with Defendant within 14 days; and to provide [him] the toll free number made available by the Department of Housing and Urban Development ('HUD') for housing counseling." He further alleged the declaration by a Bank of America employee attached to the notice of default, which stated Bank of America had "[c]ontacted the borrower to assess [his] financial situation and to explore options for the borrower to avoid foreclosure in accordance with California Civil Code § 2923.55(b)(2)," was false because Bank of America had not contacted him at that time. His claim contained further allegations that both defendants violated section 2923.55 because they "feigned working with [him], and then went ahead and illegally initiated foreclosure proceedings" and "purposefully delayed communication and refused any loss mitigation options to [him]." Inconsistent with his allegation that he was refused any loss mitigation options, Grant alleged, "Defendants did not negotiate a loan modification in good faith" and defendants "implemented their scheme of delay and foreclosure" when they determined he was eligible for relief. Grant also made conclusory allegations that the notice of default was "wholly improper and invalid" and that both defendants "are guilty of malice, fraud[,] reckless behavior" "and oppression." He sought injunctive relief as well as statutory and punitive damages.

Grant's allegations fail to state a cause of action against Clear Recon for a violation of section 2923.55. The statute imposed obligations on the "mortgage servicer" to contact the borrower to discuss the borrower's options for avoiding foreclosure (§ 2923.55, subd. (b)(2)) and for the mortgage servicer to submit a declaration stating that it had contacted the borrower (*id.*, subd. (c)). The statute did not impose a duty upon the

9

trustee to confirm that a declaration provided by the mortgage servicer was accurate nor did it require the trustee otherwise to verify the mortgage servicer had satisfied the requirements of section 2923.55 before the trustee files a notice of default. Here, Bank of America was the mortgage servicer and it provided a declaration dated October 19, 2015, stating it had complied with the requirements of section 2923.55, subdivision (b)(2). Consistent with the statute, Clear Recon then recorded the notice of default on December 14, 2015, with Bank of America's declaration attached. Thus, Grant failed to plead facts sufficient to demonstrate a violation of section 2923.55 by Clear Recon.

Even assuming Grant could bring a claim against Clear Recon for Bank of America's violation of section 2923.55, he could obtain neither damages nor injunctive relief for the violation because it had been remedied already. Section 2923.55 confers "a right to be contacted to 'assess' and 'explore' alternatives to foreclosure *prior* to a notice of default." (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 225 [discussing § 2923.5, the predecessor to § 2923.55].) Grant alleged Bank of America did not contact him to assess his financial situation and explore his options for foreclosure prior to Clear Recon recording the notice of default, but he also alleged that after receiving the notice of default, he applied for a loan modification with Bank of America and was approved, albeit with terms he found unacceptable. By reviewing Grant's application and offering him a loan modification, Bank of America remedied any violation of section 2923.55, subdivision (b)(2). (See *Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1121 [concluding the loan servicer "complied with the requirements of former section 2923.55, subdivision (b)(2) by fully reviewing and processing the [homeowner's] loan modification application before recording the notice of default"].)

Because Grant brought this action preforeclosure, the only remedy available to him for a material violation of section 2923.55 was a postponement of the foreclosure sale until the violation of the statute was remedied. (§ 2924.12, subd. (a).) Because Bank of America had remedied the alleged violation of section 2923.55, Grant

10

had received his remedy already and he was not entitled to further relief. We conclude the court properly sustained the demurrer as to Grant's first cause of action.

*Violation of Section 2924.17*

In his second cause of action, Grant alleged both defendants failed to comply with section 2924.17, subdivisions (a) or (b). Section 2924.17 was also enacted as part of the HBOR. (Stats. 2012, ch. 87, § 20.) Subdivision (a) states that "[a] declaration recorded . . . pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence." Subdivision (b) of the statute provides that "[b]efore recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."

"Section 2924.17 creates a procedural right directed at the requirements for" the declaration the mortgage servicer is required to provide under section 2923.55 at the time the notice of default is recorded. (*Lucioni, supra*, 3 Cal.App.5th at p. 162.) "Sections 2924.17 and 2923.55 . . . place a burden on the foreclosing party to file a declaration with the notice of default, and provide requirements for the lender's diligence prior to filing that declaration. Those provisions do not create a burden on the foreclosing party to prove anything in court, other than that the declaration required by section 2923.55, subdivision (c) was filed, and that necessary steps were taken before filing it." (*Id.* at p. 163.)

In this cause of action, Grant alleged defendants "caused to be recorded a Notice of Default and Notice of Trustee sale that were not based on reliable competent

11

evidence." His claim was based on allegations that the default amount stated in the notice of default and the unpaid balance in the notice of the trustee sale were not accurate. Grant alleged he had disputed his loan balance with Bank of America for several years but the bank continued to request the same amount. All of Grant's allegations in this claim concern Bank of America, the mortgage servicer. Missing from Grant's claim are any facts or authority indicating that the requirements of section 2924.17 apply to Clear Recon as trustee. As the mortgage servicer, Bank of America had an obligation under section 2924.17, subdivision (a) to ensure its declaration was accurate "and supported by competent and reliable evidence" and under subdivision (b) to ensure "it ha[d] reviewed competent and reliable evidence to substantiate the borrower's default and [their] right to foreclose." Clear Recon's only duty under section 2924.17 was to include Bank of America's section 2923.55 declaration with the notice of default, which it did. We conclude Grant did not plead sufficient facts demonstrating a violation of section 2924.17 by Clear Recon and the court properly sustained Clear Recon's demurrer as to this cause of action.

### *Cancellation of Instruments*

In his third cause of action, Grant alleged the trust deed, notice of default, and notices of trustee's sale were void and requested they be rescinded and/or cancelled. His claim is based on section 3412, which provides, "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

Grant alleged the deed of trust was void because he had tendered settlement with the Bankers Promissory Note in 2016. As to the notice of default, he alleged it was based on a false declaration and was not in compliance with the Civil Code. He also alleged the notice of default and notices of trustee's sale "were not based on reliable

12

competent evidence" but he did not explain what evidence was unreliable or incompetent (presumably he was referring to Bank of America's declaration). He further alleged the notice of trustee's sale recorded in November 2016 was void because he had tendered settlement prior to its recording. Grant alleged that at the time the documents, presumably the notices of default and trustee's sale, "were created and published by the Defendants, both Defendants knew the documents were false and created and published them with the malicious intent to injure" him and to obtain the property.

Grant has not pleaded facts showing the deed of trust was invalid, that he acted promptly in seeking to cancel it, or that this claim applies to Clear Recon, which was substituted as trustee eight years after he signed the deed of trust. Nor has he explained how his tender of the Bank Promissory Note invalidates the deed of trust. As to the notices of default and trustee's sale, Grant has not alleged "serious injury" as required by section 3412. He alleges that if these documents are left outstanding, he "may be required to pay double for the Subject Property or to defend a lawsuit based on it, and by refusing to pay double for the Subject Property, Plaintiff may be further damaged in his credit." It is not clear what he means with his allegation that he will have "to pay double" for the property if these notices are not rescinded. Presumably, he is referring to having to pay his loan obligation under the trust deed and pay the Bankers Promissory Note that he sent Bank of America. But Grant admits in his second amended complaint that Bank of America has refused to accept this unsecured note as satisfaction for his loan obligation and has made no efforts to recover any payments under his Bankers Promissory Note. Grant's payment obligations under the deed of trust remain unchanged, and he does not deny that he is in default. Any risk of serious injury to Grant's credit is from the fact he defaulted on his loan, not any alleged deficiencies in the notices of default or trustee's sale recorded by Clear Recon. (Cf. *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 818-819 [plaintiff failed to state a cause of action under § 3412 because she did not show how the alleged invalid assignment of

13

her deed of trust could cause her serious injury].)  Because Grant failed to properly allege a claim for cancellation of his deed of trust or the notices of default and trustee's sale, the trial court properly sustained the demurrer on this cause of action.

*Breach of Implied Covenant of Good Faith and Fair Dealing*

In his fourth cause of action, Grant alleges both Bank of America and Clear Recon "breached the implied covenant of good faith and fair dealing with the loan contract."  "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."  (*Smith v. City and County of San Francisco* (1990) 225 Cal.App.3d 38, 49.)

Grant's claim for breach of the implied covenant of good faith and fair dealing is predicated on three theories, all of which concern conduct only by Bank of America:  (1) Bank of America miscalculated his income when approving him for a trial loan modification, preventing him from being reviewed for other loan modification or foreclosure alternatives; (2) Bank of America failed to respond to his "numerous requests" regarding "payment discrepancies"; and (3) Bank of America "failed to set off" his account after he tendered the Bankers Promissory Note.  Grant attempts to bring Clear Recon into this cause of action by alleging:  "Each of the defendants . . . are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims . . . ."  He also makes a conclusory allegation that both defendants "are guilty of malice, fraud, and oppression" and their actions were "malicious and done willfully in conscious disregard of [his] rights and safety . . . ."  But he fails to allege a contractual relationship between himself and Clear Recon.  In the absence of this, he "cannot state a cause of action for breach of the implied covenant."

14

(*Smith v. City and County of San Francisco, supra*, 225 Cal.App.3d at p. 49.)  Thus, the court properly sustained the demurrer on this claim.

### *Negligence*

In his fifth cause of action, Grant alleged a negligence claim against Bank of America and Clear Recon.  "To state a cause of action for negligence, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries.  [Citation.]  Whether a duty of care exists is a question of law to be determined on a case-by-case basis."  (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 62.)

In his second amended complaint, Grant alleged Bank of America owed him a duty of care in servicing his mortgage and in reviewing his loan for modification assistance, that Bank of America breached this duty, and this breach was the proximate cause of his damages.  However, he did not allege facts establishing that Clear Recon owed him a duty of care or breached any such duty.  As a result, the second amended complaint fails to state a cause of action for negligence as to Clear Recon.

### *Business and Professions Code Section 17200*

In his eighth cause of action, Grant alleged both defendants engaged in unfair, unlawful, and fraudulent business practices in violation of Business and Professions Code section 17200 et seq. by:  (1) not performing an accounting of his account after he requested it; (2) not producing an "actual verified claim"; (3) failing to review his loan modification in good faith; (4) violating sections 2924.17 and 2923.55; and (5) not following the terms and conditions of the Bankers Promissory Note he tendered to settle his loan  He conclusory alleged "[a] civil conspiracy and joint venture exists between [the] Defendants" and they are both liable.  Grant, however, failed to

15

allege any facts showing that Clear Recon, as the trustee, was required to perform an accounting of his account, produce a "verified claim," review his loan modification, or follow the terms and conditions of the Bankers Promissory Note he gave Bank of America. This leaves only his allegation that Clear Recon engaged in an unlawful business practice by violating sections 2924.17 and 2923.55. As discussed *ante*, he failed to show a violation of these by Clear Recon. Thus, the court properly sustained the demurrer as to Grant's unlawful business practice claim against Clear Recon.

DENYING GRANT LEAVE TO AMEND

Grant contends the court abused its discretion by not granting him leave to amend his second amended complaint. To demonstrate an abuse of the court's discretion, Grant must show there is a reasonable possibility that an amendment will cure the complaint's defects. (*Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 444.) In his pleadings in the trial court and in his briefs in this court, Grant has maintained that he properly stated all of the elements of the causes of action in the second amended complaint and he has not explained how he could amend this complaint to overcome its deficiencies. Because Grant has failed to demonstrate a reasonable possibility that a further amendment will cure the defects, we conclude the court did not abuse its discretion in denying him leave to amend. (See *Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 994 [court did not abuse discretion in denying leave to amend where plaintiff failed to demonstrate it could cure the defect].)

OTHER CLAIMS

Grant raises several additional issues in his opening brief, all of which fit under the umbrella of his main contention that the court erred in sustaining the demurrer and entering a judgment of dismissal as to Clear Recon. Grant contends the court was not impartial in its ruling on the demurrer and violated his rights to due process and a jury

16

trial by sustaining the demurrer. He also contends that by violating his rights to a jury trial and due process, the judgment of dismissal is void. We reject these claims, having conducted a de novo review and concluded the court properly sustained Clear Recon's demurrer without leave to amend.

Again asserting the court denied him due process, Grant contends the court violated section 453 of title 28 of the United States Code, which is the oath of allegiance to the United States Constitution taken by federal judges. Even assuming this oath applies to judicial officers of the Superior Court of the State of California, we see no violation of the oath or Grant's right to due process.

We also reject Grant's contention that the court erred by conducting an evidentiary hearing. Grant does not assert that the trial court conducted an evidentiary hearing in this case but that a different court conducted an evidentiary hearing in a separate case he filed against Bank of America and Clear Recon (Orange Co. Super. Ct. case No. 30-2018-00993609) and that the court's ruling on the demurrer in this action was influenced by the other court's ruling. The record does not support Grant's claim as there is no indication in the appellate record that the court was influenced by the proceedings in the other case when it sustained Clear Recon's demurrer.[4]

It is difficult to decipher Grant's argument entitled "the trial court erred when it went against statements of counsel in brief or in oral argument are not facts before the court." (Bold and capitalization omitted.) It appears he is asserting the court

---

[4] Grant similarly contends the court in this case erroneously granted, over his objection, Bank of America's supplemental request for judicial notice of his second amended complaint in his other case and the court's ruling sustaining Bank of America's demurrer to those causes of action. He asserts the trial court erred by considering these documents when ruling on Clear Recon's demurrer in this case. Grant's contention fails because the appellate record does not include the trial court's ruling on Bank of America's request for judicial notice, and even assuming the court granted the request for judicial notice, there is no indication the court was influenced by these documents in sustaining Clear Recon's demurrer in this matter.

17

cannot rely on statements by Clear Recon's counsel in its brief or argument in court to dismiss his claims. But he does not explain what statements he is referring to nor does he cite to anything in the trial court's ruling suggesting that it relied on statements by Clear Recon's counsel in sustaining the demurrer. By failing to support this contention with reasoned argument and citations to the record, he has forfeited it. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

18