Filed 11/15/23  Reece v. Clear Recon Corp CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THOMAS F. REECE et al., | |
| Plaintiffs and Appellants, | E078974 |
| v. | (Super.Ct.No. CIVSB2106194) |
| CLEAR RECON CORP, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Law Offices of Ronald H. Freshman and Ronald H. Freshman for Plaintiffs and Appellants.

Aldridge Pite and Fred T. Winters for Defendant and Respondent.

Homeowners lost a house in a trustee's sale following a nonjudicial foreclosure.  They sued, among others, the company that conducted the sale.  The trial court sustained a demurrer to the homeowner's first amended complaint without leave to amend.  Because it was a trustee, the company could be subject to tort liability only for violating

1

duties established by the deed of trust and governing statutes, unless it effectively took on a different or modified duty by its actions. (See *Citrus El Dorado, LLC v. Chicago Title Co.* (2019) 32 Cal.App.5th 943, 945 (*Citrus*).) We affirm the trial court because the homeowners have not alleged facts from which we could conclude the trustee violated its duties as trustee or took on a different or modified duty by its actions. We also find no appropriate basis for plaintiffs' cause of action for cancellation of instruments. We therefore affirm the trial court's ruling.

## I. FACTS

According to the first amended complaint, plaintiffs and appellants Thomas F. Reece and Liu Jean Quan Reece used their property in Alta Loma, California as their primary residence. In 2006, Mr. Reece took out a $600,000 loan with Countrywide Home Loans, Inc. (Countrywide), secured by a deed of trust against the property.[1] The deed of trust, which was recorded on December 1, 2006, identifies Mortgage Electronic Systems, Inc. (MERS) as the beneficiary "acting solely as nominee for Lender and Lender's successors and assigns."

Recorded documents reflect several subsequent assignments of the beneficial interest in the deed of trust, though plaintiffs dispute the validity of those assignments. In December 2009, MERS recorded a "Corporation Assignment of Deed of Trust" assigning the beneficial interest in the deed of trust to "HSBC BANK, NA, AS TRUSTEE FOR

---

[1] The deed of trust describes the borrower as "Thomas F Reece, a married man as his sole & separate property." We need not reconcile this description with plaintiffs' allegation that since 1985 they have jointly held ownership of the property.

2

HOLDERS OF DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-OA1," which we will refer to as HSBC as Trustee for Holders of the Securitized Trust. Another assignment, recorded June 2011, assigned the deed of trust to "BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP" (BAC). In July 2013, Bank of America, N.A., as successor by merger to BAC, recorded an assignment of the deed of trust back to HSBC as Trustee for Holders of the Securitized Trust. Later in July 2013, Bank of America, N.A., acting as "attorney in fact" for HSBC as Trustee for Holders of the Securitized Trust, recorded an assignment of the deed of trust to "HSBC BANK USA, N.A., AS TRUSTEE FOR THE DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OAI," which we will refer to as HSBC as Trustee for the Securitized Trust.

On July 3, 2014, Nationstar Mortgage LLC (Nationstar) recorded a "Substitution of Trustee," dated June 19, 2014, naming defendant and respondent Clear Recon Corp (Clear Recon) as the successor trustee under the deed of trust. Despite the most recent assignment of the deed of trust, Nationstar's signature caption says it was making the substitution as attorney in fact for HSBC as Trustee for Holders of the Securitized Trust, instead of HSBC as Trustee for the Securitized Trust.

On July 25, 2014, Clear Recon recorded a notice of default, dated July 21, 2014, stating an amount due of $217,775.50 as of July 23, 2014.[2] The notice was supported by a declaration as required by Civil Code section 2923.55, subdivision (c). Again, the notice of default lists as the party to contact HSBC as Trustee for Holders of the Securitized Trust, not HSBC as Trustee for the Securitized Trust.

In August 2017, Clear Recon recorded a rescission of the July 2014 notice of default. The notice of rescission describes HSBC as Trustee for the Securitized Trust as the beneficiary under the deed of trust. In March 2018, Clear Recon recorded a new notice of default, describing HSBC as Trustee for the Securitized Trust as the beneficiary under the deed of trust, and stating an amount due of $377,011.43 as of March 2, 2018. The March 2018 notice of default is supported by the same July 2014 declaration.

---

[2] Plaintiffs requested that we take judicial notice of certain documents, including the July 2014 notice of default. We acknowledge Clear Recon's argument that plaintiffs' request for judicial notice is defective, in that it fails to comply with the requirements of California Rules of Court, rule 8.252. Nevertheless, two of the three documents are, on their face, properly the subject of judicial notice, and they are relevant as context or factual background, even though our analysis here would not change if they were absent from our record. (See, e.g., *McElroy v. Chase Manhattan Mortgage Corp.* (2005) 134 Cal.App.4th 388, 394 [taking judicial notice of recorded notice of default].) On that basis, we grant plaintiffs' request for judicial notice as to request 2, regarding the July 2014 notice of default, and request 3, the recorded recission of the July 2014 notice of default. We deny plaintiffs' request for judicial notice 1, seeking judicial notice of a portion of the response to a form interrogatory by MERS in this litigation, as recited in plaintiffs' statement of issues in support of a motion to compel further discovery responses. Plaintiffs offer no cogent reason it would be appropriate to take judicial notice of their recitation of another party's discovery response. In any event, as discussed below, MERS's discovery response does not support the conclusion plaintiffs' try to draw from it.

In April 2019, Clear Recon recorded a notice of trustee's sale, setting a sale date for June 3, 2019, and showing an unpaid balance of the loan, plus costs and expenses, of $960,053.73. The sale was postponed, and did not take place until February 10, 2020. The grantee of the Trustee's Deed Upon Sale, executed February 11, 2020, and recorded February 24, 2020, was the "Foreclosing Beneficiary," HSBC as Trustee for the Securitized Trust. A grant deed, recorded in November 2020, shows the property was then sold to a company that is not party to this litigation.

Plaintiffs' first amended complaint alleges Mrs. Reece filed for bankruptcy on February 10, 2020, hours before the trustee's sale. In May 2020, however, the United States Bankruptcy Court entered an order granting the motion for relief from the automatic stay filed by HSBC as Trustee for the Securitized Trust, finding that the stay was "[a]nnulled retroactively as of the bankruptcy petition date as the Movant had no notice of the Bankruptcy and concluded a non-judicial foreclosure sale prior to the Debtor's filing of the instant case."[3]

Plaintiffs filed this lawsuit in April 2021, and filed the operative first amended complaint (complaint) in July 2021. Clear Recon is named as a defendant in five of the complaint's eleven causes of action: the second, for "Violation of Homeowner[s] Bill of Rights"; the third, for "Wrongful Foreclosure"; the fifth, for "Cancellation of

---

[3] Although not addressed in the allegations of the complaint or record documents, plaintiffs' briefing on appeal says Mrs. Reece did not appeal that order and the bankruptcy was later "converted to a Chapter 7 and consequently dismissed without discharge."

5

Instruments"; the seventh, for "Intentional Misrepresentation"; and the eighth, for "Negligence." In December 2021, the trial court sustained Clear Recon's demurrer to each of these causes of action without leave to amend. The court entered judgment in Clear Recon's favor in February 2022.

## II. DISCUSSION

### A. *Applicable Law*

"'[T]he trustee of a deed of trust is not a true trustee with fiduciary obligations, but acts merely as an agent for the borrower-trustor and lender-beneficiary.'" (*Citrus*, *supra*, 32 Cal.App.5th at p. 948, quoting *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 927 (*Yvanova*).) "The trustee's 'common' agency for both borrower and lender "'is a passive one, for the limited purpose of conducting a sale in the event of the trustor's default or reconveying the property upon satisfaction of the debt.'"'" (*Citrus*, at p. 948, quoting *Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 819 (*Biancalana*).) "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes." (*Citrus*, at p. 948 [cleaned up].) "The trustee's "'only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust.'"'" (*Citrus*, at p. 948, quoting *Heritage Oaks Partners v. First American Title Ins. Co.* (2007) 155 Cal.App.4th 339, 345 (*Heritage Oaks*).) The trustee generally "'has no duty to take any action except on the express instructions of the parties or as expressly provided in the deed of trust and the applicable

6

statutes.'" (*Citrus*, at p. 949, quoting 5 Miller & Starr, Cal. Real Estate (4th ed. 2018) § 13:4, p. 13-31; see *Biancalana*, at p. 819 [ "'"The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes [for nonjudicial foreclosure]. No other common law duties exist."'"].)

"On appeal from a judgment based on an order sustaining a demurrer, we assume all the facts alleged in the complaint are true." (*Estate of Holdaway* (2019) 40 Cal.App.5th 1049, 1052.) In addition, we consider judicially noticed matters. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) We accept all properly pleaded material facts but not contentions, deductions, or conclusions of fact or law. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) We determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*Committee for Green Foothills*, *supra*, at p. 42.) We read the complaint as a whole and its parts in their context to give the complaint a reasonable interpretation. (*Evans*, *supra*, at p. 6.)

"When a trial court has sustained a demurrer without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) 'The burden of proving such reasonable possibility is squarely on the plaintiff.' (*Ibid.*) '[U]nless failure to grant leave to amend was an abuse of discretion, the appellate court

7

must affirm the judgment if it is correct on any theory.'  (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)"  (*Citrus*, *supra*, 32 Cal.App.5th at p. 947.)

B. *Analysis*

1. *Homeowners Bill of Rights*

In their second cause of action, plaintiffs allege Clear Recon violated Civil Code section 2924.17.[4]  That statute was enacted as part of the Homeowners Bill of Rights (HBOR), which "sought to 'modify[] the foreclosure process to ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options.'"  (*Lucioni v. Bank of America, N.A.* (2016) 3 Cal.App.5th 150, 157 (*Lucioni*).)  Most of the statutory provisions in the HBOR place duties upon a lender before a lender can cause a notice of default to be filed. (*Id.* at p. 158 & fn. 4.)

Some of those duties are described in section 2923.55, which requires a mortgage servicer to contact the borrower before recording a notice of default.  The provision requires that a notice of default regarding a mortgage or deed of trust to which the HBOR applies include "a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower'" as the term is used in the HBOR.  (§ 2923.55, subd. (c).)

---

[4]  Undesignated statutory references are to the Civil Code.

8

Under section 2924.17, subdivision (a), "[a] declaration recorded . . . pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence." Subdivision (b) of section 2924.17 provides that "[b]efore recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."

"Section 2924.17 creates a procedural right directed at the requirements for" the declaration the mortgage servicer is required to provide under section 2923.55 at the time the notice of default is recorded. (*Lucioni*, *supra*, 3 Cal.App.5th at p. 162.) "Sections 2924.17 and 2923.55 . . . place a burden on the *foreclosing party* to file a declaration with the notice of default, and provide requirements for the *lender's* diligence prior to filing that declaration." (*Id.* at p. 163(italics added).)

Clear Recon conducted the foreclosure as the substitute trustee under the deed of trust, not as a lender or mortgage servicer. Plaintiffs have not alleged any facts or cited any authority indicating that the diligence requirements of section 2924.17 and section 2923.55 apply to Clear Recon as trustee, or that it is Clear Recon's role to police whether the section 2923.55 declaration provided by the mortgage servicer is accurate. Rather,

9

Clear Recon's duty under those statutes was to include a section 2923.55 declaration with the notice of default, which it did. (See *Lucioni*, *supra*, 3 Cal.App.5th at p. 162; § 2923.55, subd. (c) [declaration requirement].)

Moreover, it is not apparent that the purported defect in the declaration accompanying the 2018 notice of default is, in fact, a defect. Plaintiffs emphasize that the declaration is the same one, dating from 2014, that accompanied the rescinded 2014 notice of default. But nothing in section 2923.55 expressly states that its diligence requirements must be repeated before every notice of default that may be recorded, as opposed to being completed once, prior to the filing of any notice of default. The statute specifies the *earliest* date when a notice of default may be recorded. (See § 2923.55, subd. (a)(2) [notice of default may not be recorded until either 30 days after "initial contact" with the borrower as required by subd. (b)(2) or 30 days after satisfying due diligence requirements of subd. (f)].). It does not include any express limit, after which the mortgage servicer's declaration is no longer valid. And none of the statute's requirements are so inherently time-sensitive that a 2014 declaration necessarily would be incomplete or untrue when attached to a 2018 notice of default. Plaintiffs have not cited any authority interpreting section 2923.55 to require a *new* declaration as to each notice of default, as opposed to simply *a* declaration stating that its requirements have been satisfied, and we are aware of none.

Similarly, plaintiffs do not establish a violation of the HBOR by alleging Clear Recon knew or should have known HSBC as Trustee for the Holders of the Securitized

10

Trust "held no interest" in the deed of trust, so the "purported substitution" of Clear Recon as trustee was "void." *Heritage Oaks*, *supra*, 155 Cal.App.4th 339 is instructive. In *Heritage Oaks*, at the direction of the beneficiary, the defendant title company acted as trustee by conducting a foreclosure sale, but without first verifying that it was the trustee of record (it was not, due to a mistake by the beneficiary). (*Id.* at p. 341-342.) The plaintiff, a subsequent purchaser, argued the title company had a duty of care to confirm its status as trustee under the deed of trust before foreclosing. (*Id.* at pp. 344-345.) The Court of Appeal rejected the plaintiff's argument, reiterating the settled law, summarized above, regarding the limited scope of the trustee's duties under both the nonjudicial foreclosure statutes and the common law. (*Id.* at pp. 344-346.) *Heritage Oaks* did not involve a claim under the HBOR, but plaintiffs have identified no provision of the HBOR expressly requiring a different conclusion about the scope of Clear Recon's duties as trustee.

California courts have consistently "refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust." (*Heritage Oaks*, *supra*, 155 Cal.App.4th at p. 345.) We will not depart from that authority. We find no error in the trial court's decision to sustain Clear Recon's demurrer to plaintiffs' cause of action alleging violation of the HBOR.

2. *Tort Causes of Action*

Plaintiffs' wrongful foreclosure, intentional misrepresentation, and negligence causes of action all seek to hold Clear Recon liable in tort. Again, however, many of

11

plaintiffs' allegations involve matters outside the scope of Clear Recon's duties under the deed of trust and governing statutes.

Thus, for example, allegations that "the wrong parties conducted the sale," that "neither HSBC or Clear Recon were the proper parties to invoke the power of sale or complete the foreclosure," and "HSBC is not the beneficial holder of the debt," even if assumed true, do not demonstrate tort liability for Clear Recon. The trustee has no "duty to verify that the beneficiary received a valid assignment of the loan or to verify the authority of the person who signed the substitution of trustee." (*Citrus*, *supra*, 32 Cal.App.5th at p. 949.) "Such an inquiry is beyond the scope of the trustee's duties as defined by the deed of trust and the appliable statutes." (*Ibid.*; see *Heritage Oaks*, *supra*, 155 Cal.App.4th 344-346.) It is irrelevant whether the claim is framed as wrongful foreclosure, negligence, or intentional misrepresentation.[5] (See *Biancalana*, *supra*, 56 Cal.4th at p. 819 ["""No other common law duties exist"""].)

Plaintiffs' tort claims also include allegations that Clear Recon conducted the foreclosure sale in violation of the automatic stay triggered by Mrs. Reece's bankruptcy. In the same breath, however, plaintiffs also concede the bankruptcy court ruled the automatic stay did not bar the sale, and that ruling was not appealed. Plaintiffs have

---

[5] One of the "intentional misrepresentations" alleged by plaintiffs is that Clear Recon falsely claimed to be the trustee, despite "acting without proper authority" and "relying on the rescinded declaration." Similarly, plaintiffs' theory of negligence is that Clear Recon breached a duty of care by acting on the "arguably void substitution of trustee" and "stale declaration that had been rescinded."

12

offered no reason they should be allowed to relitigate that issue here. (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824-825 [discussing issue preclusion].)

If plaintiffs alleged Clear Recon had filed a notice of default without including a section 2923.55 declaration, or with a declaration that on its face failed to meet the statutory requirements, a different analysis would apply. Those would arguably be procedural irregularities of the sort that falls within the trustee's duties "'upon default to undertake the steps necessary to foreclose the deed of trust.'" (*Heritage Oaks*, *supra*, 155 Cal.App.4th at p. 345; see § 2923.55, subd. (c).) We are not persuaded, however, that a section 2923.55 declaration is facially invalid just because it was also used in an earlier, rescinded notice of default, or because it was executed a substantial amount of time before the current notice of default. If a declaration, of whatever age, becomes inaccurate in some respect, that inaccuracy is the responsibility of the declarant, not the trustee.[6] (See *Lucioni*, *supra*, 3 Cal.App.5th at p. 162.)

Plaintiffs' authority does not support a different conclusion. For example, *Washington Mutual Bank v. Blechman* (2007) 157 Cal.App.4th 662, 668, held the lender and the trustee are indispensable parties in an action seeking to set aside a trustee's sale,

---

[6] For example, in this case, the declaration states that the mortgage servicer was unable to make contact with the borrower despite exercising due diligence. If contact with the borrower was established after the date of the declaration, the declaration would no longer be true and, moreover, would not establish that the mortgage servicer had taken action to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," as required by section 2923.55, subdivision (b)(2), upon initial contact with the borrower. There is, however, no appropriate basis to impose liability on the trustee, rather than the declarant mortgage servicer, for any such inaccuracy.

13

so a default judgment obtained against only the purchaser of foreclosed real property after the lender and trustee were voluntarily dismissed is "essentially illusory" and subject to collateral attack. (See also *Majd v. Bank of America* (2015) 243 Cal.App.4th 1293, 1307 [plaintiff allowed leave to amend to add allegations regarding trustee's role in conducting foreclosure as agent for beneficiary, where plaintiff had otherwise "adequately stated a claim for wrongful foreclosure" against the beneficiary].) It does not follow that the trustee may be held liable in tort for matters outside the limited scope of its duties as trustee. (See *Biancalana*, *supra*, 56 Cal.4th at p. 819.)

Plaintiffs' reliance on *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552 (*Sciarratta*) is also misplaced. *Sciarratta* addressed the element of harm in a wrongful foreclosure action: "This case presents the question of 'prejudice' left open in [*Yvanova*, *supra*, 62 Cal.4th 919]: Where a homeowner alleges foreclosure by one with no right to do so, do such allegations alone establish the requisite prejudice or harm necessary to state a cause of action for wrongful foreclosure? Or instead, to adequately plead prejudice, does the plaintiff homeowner have to allege the wrongful foreclosure interfered with his or her ability to pay on the debt, or lead to a foreclosure that would not have otherwise occurred?" (*Sciarratta*, *supra*, at p. 555.) *Sciarratta* does not address the trustee's duties in conducting a non-judicial foreclosure, nor does it suggest the trustee may be held liable in tort for matters outside the limited scope of those duties.

14

Plaintiffs have not demonstrated any error in the trial court's ruling sustaining Clear Recon's demurrer to their wrongful foreclosure, intentional misrepresentation, or negligence causes of action.

3. *Cancellation of Instruments*

Plaintiffs' cause of action for cancellation of instruments seeks an order cancelling the "Assignments of Deed of Trust, Notice of Default, Substitution of Trustee, Notices of Trustee Sale and Trustee's Deed upon Sale and Grant Deed." We are not persuaded plaintiffs adequately pleaded any appropriate basis for such an order.

Plaintiffs argue MERS had no authority to execute the 2009 assignment of the deed of trust to HSBC as Trustee for Holders of the Securitized Trust, so the whole subsequent "chain of title" was "corrupted."[7] In their view, MERS's role as nominee "terminated in 2006," when the loan was securitized, but MERS "concealed and hid this fact." The allegations of the complaint and judicially noticeable documents, however, do not support plaintiffs' theory.

As our Supreme Court has explained, "MERS was formed by a consortium of residential mortgage lenders and investors to streamline the transfer of mortgage loans and thereby facilitate their securitization. A member lender may name MERS as mortgagee on a loan the member originates or owns; MERS acts solely as the lender's 'nominee,' having legal title but no beneficial interest in the loan. When a loan is

---

[7] Of course, Clear Recon was not a party of any of the assignments of the deed of trust, so a cause of action for cancellation of those instruments is more appropriately asserted against others.

15

assigned to another MERS member, MERS can execute the transfer by amending its electronic database. When the loan is assigned to a nonmember, MERS executes the assignment and ends its involvement." (*Yvanova*, *supra*, 62 Cal.4th at p. 931, fn.7.)

Plaintiffs' theory is that in 2006, their loan was assigned to a nonmember and MERS's involvement ended. They plead no facts, however, that tend to support that conclusion. The primary support for their argument, it seems, is a discovery response by MERS, stating that it is "unaware of any agency relationship between itself and an entity named 'Deutsche Alt A Securities' with respect to the loan at issue in this action in place on December 1, 2006." Even if we were to treat this response as an allegation of fact included in the complaint, instead of a discovery response recited in a document that is not judicially noticeable, it would not establish anything of relevance. Among other things, December 1, 2006, is the date that the deed of trust was recorded. Perhaps the entity to which the loan was assigned became a member of MERS after December 1, 2006—for example, on December 2, 2006, which is when plaintiffs allege the loan was "purportedly sold to Deutsche Alt A Securities." Moreover, that entity was, it seems, not "Deutsche Alt A Securities," but "DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-OA1."[8] Plaintiffs' speculative inferences from MERS's discovery response are unwarranted and do not establish any material facts.

---

[8] Alternatively, it is conceivable the loan was assigned several times after the deed of trust was recorded on December 1, 2006, and before the recorded December 2009 assignment to HSBC as Trustee for Holders of the Securitized Trust. (See *Gomes v.*

*[footnote continued on next page]*

Plaintiffs' complaint also includes a series of allegations about an "agreement with the original lender."  No copy of any such agreement, however, is attached to the complaint.  On this record, it is no more than speculation that Countrywide and MERS agreed to anything other than the common arrangement between MERS and lenders, described in *Yvanova*, *supra*, 62 Cal.4th at p. 931, fn.7, and reflected in the deed of trust attached as an exhibit to the complaint.  (See *Scott v. JPMorgan Chase Bank, N.A.*(2013) 214 Cal.App.4th 743, 753-754 [under Evid. Code § 452, subd. (h), a court may judicially notice facts that derive from the effect of a legally operative document]; *Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400 ["'False allegations of fact, inconsistent with annexed documentary exhibits [citation] or contrary to facts judicially noticed [citation], may be disregarded'"].)

In addition to their arguments about purported flaws in the chain of title, plaintiffs contend Clear Recon "was never properly substituted as trustee" because the recorded substitution of trustee was executed on behalf of HSBC as Trustee for Holders of the Securitized Trust, even though the deed of trust had already been assigned to HSBC as Trustee for the Securitized Trust.  That means, in plaintiffs' view, that the 2019 notice of default and trustee's sale were "invalid."

We question whether the substitution of Clear Recon as trustee was invalid, even though the document recites that HSBC (through its attorney in fact) was making the

---

*Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1151 ["'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.'"].)

substitution in one capacity rather than another. This is not a circumstance where a third-party entity that did not have the power to substitute the trustee purported to do so. Viewed in that light, Clear Recon was in fact named as trustee in a recorded substitution of trustee executed by an authorized agent of the beneficiary (even though the recorded document does not identify that beneficiary quite accurately). (See § 2934a, subd. (d)(1) ["A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents"].) Arguably, therefore, the recorded substitution of trustee remains "conclusive evidence" of Clear Recon's authority to act as substitute trustee, despite the error in Nationstar's signature caption. (§ 2934a, subd. (d)(4).)

Nevertheless, even if we assume the substitution of trustee was ineffective, we are not persuaded the trustee's sale Clear Recon conducted was void, as plaintiffs would have it. Regardless of who conducts a foreclosure sale, the authority to foreclose is the beneficiary's. (See *Monterey S.P. Partnership v. W.L. Bangham, Inc.* (1989) 49 Cal.3d 454, 460 [only "on proper request from the beneficiaries" can the trustee "exercise the power of sale contained in the deed of trust"].) It was the correct beneficiary, HSBC as Trustee for the Securitized Trust, that directed Clear Recon to issue the 2018 notice of default and proceed with the nonjudicial foreclosure. We would therefore follow authority holding that the sale remained valid. (See *Jones v. First American Title Ins. Co.* (2003) 107 Cal.App.4th 381, 389 (*Jones*) [applying principles of reformation to validate

18

foreclosure sale conducted by incorrect trustee]; but see *Dimock v. Emerald Props.* (2000) 81 Cal.App.4th 868, 877 [distinguished by *Jones*, *supra*, 107 Cal.App.4th at pp. 389-390, as failing to consider reformation].)

As in *Jones*, the mistake here concerns only who was to perform the "ministerial act" of conducting the foreclosure sale. (*Jones*, *supra*, 107 Cal.App.4th at p. 389.) There has been "no showing the borrowers were prejudiced" by an incorrect trustee's conduct of the sale. (*Ibid.*) Granting the relief requested by plaintiffs here, as in *Jones*, would "give[] a windfall to the borrower[] and work[] a great injustice on the [beneficiary]," not to mention the subsequent purchaser of the property. (*Ibid.*)

We conclude plaintiffs did not allege sufficient facts for their cancellation of instruments cause of action against Clear Recon to survive demurrer.

## III. DISPOSITION

The judgment is affirmed. Clear Recon is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

MILLER
Acting P. J.

CODRINGTON
J.

19